UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MICHAEL BUSHNELL, SR. # 579518**   CASE NO. 6:24-CV-00903 SEC P

**VERSUS**   JUDGE TERRY A. DOUGHTY

**WARDEN**   MAGISTRATE JUDGE AYO

## REPORT AND RECOMMENDATION

*Pro se* petitioner Michael Bushnell, Sr., an inmate in the custody of the Louisiana Department of Corrections, filed an original petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on July 8, 2024 (Rec. Doc. 1) and an amended petition on proper forms on August 6, 2024 (Rec. Doc. 5). Bushnell attacks his 2011 conviction on one count of second-degree murder and the life sentence imposed thereon by the Thirteenth Judicial District Court, Evangeline Parish, Louisiana. For the following reasons it is recommended that the petition be deemed second and successive and be **DISMISSED WITHOUT PREJUDICE** to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

### I. BACKGROUND

Bushnell brings this petition to attack his 2011 conviction for one count of second-degree murder and the life sentence imposed thereon. (Rec. Doc. 1 at 1). He complains that the officers and prosecution failed to properly investigate his case. (*Id.* at 5).

The petition presently before this Court is Bushnell's second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction and sentence. *See Bushnell v. Vannoy,* No. 6:16-cv-0366 (W.D. La. Dec. 8, 2016).

## II.   LAW AND ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears the petitioner is not entitled to relief. The Fifth Circuit recognized a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (noting that the Court has a duty to screen out frivolous habeas applications and eliminate a respondent's burden to file an unnecessary answer). From the face of the instant petition and court records, it is apparent that this is a second or successive petition. *See* 28 U.S.C. § 2244(b)(2) (requiring dismissal of a second or successive petition filed by a state prisoner pursuant to 28 U.S.C. § 2254).

A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovery previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2). Further, before a second or

successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The record does not show in this case that Bushnell has received such authorization. Until such time as he obtains said authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that Bushnell has received such authorization from the Fifth Circuit. Therefore, the undersigned finds that this petition should be dismissed.[1]

### III. CONCLUSION

Therefore,

**IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

---

[1] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred); *See also United States v. Fulton,* 780 F.3d 683, 686 (5th Cir. 2015) (citing *In re Coleman,* 768 F.3d 367, 371 (5th Cir. 2014) (per curiam)). To the contrary, a district court may dispose of a petition lacking authorization through dismissal. *Fulton*, 780 F.3d at 686 (citing *United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000)). Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the Fifth Circuit. This is particularly the case given that this petition appears to be untimely and barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers this 31st day of October, 2024.

_____
David J. Ayo
United States Magistrate Judge